MALARET ET AL *v.* SOBRINOS DE EZQUIAGA IN LIQUIDATION.

APPEAL from the District Court of San Juan.

No. 268.—Decided June 26, 1908.

PROCEEDINGS TO FORECLOSE MORTGAGE—ADJUDICATION IN PAYMENT—FORMER CIVIL PROCEDURE.—The third paragraph of article 504 of the old Law of Civil Procedure has reference to a case where there is a bidder whose offer does not cover two-thirds of the amount which served as the basis for the

second public sale, and in the case at bar there was no bidder at any of the three sales held, and in accordance with section 172 of the Regulations for the Execution of the Mortgage Law, the mortgage creditor may ask that the property be adjudicated to him in favor of his mortgage.

The facts are stated in the opinion.

*Mr. Santoni* for appellant.

*Mr. Eduardo Acuña* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Sobrinos de Ezquiaga, in liquidation, prosecuted summary foreclosure proceedings, under the Mortgage Law and its regulations, in the Arecibo court, to recover from Ernesto and Arturo Malaret, a mortgage credit amounting to $1,800, principal, interest and costs, encumbering to rural properties, owned by the debtor, and valued by common consent at $7,800.

The proceedings having been had, the first public sale was advertised, the minimum price being fixed at $7,800 the value agreed upon, the second at $5,850, 25 per cent of the value before mentioned, and the third at $3,900, two-thirds of the amount fixed for the second sale.

No bidder appeared at any of the three public sales held.

The procedure followed was that provided for by section 172 of the regulations for the execution of the Mortgage Law, and it must be borne in mind that it does not appear that any liens preferential to that of the execution creditor, Sobrinos de Ezquiaga, in liquidation, encumbered the property foreclosed upon.

Under these circumstances, on February 20, 1905, the execution creditors prayed for and obtained the adjudication of the two mortgaged properties for the sum of $3,050 which covered the principal, interest and taxes encumbering the properties and the costs.

On May 22, 1907, a complaint was filed in the District Court of San Juan by the execution debtors Malaret, praying for the annullment of the summary proceedings, and that matters be restored to the condition existing prior to the said

proceedings, including the restoration of the said rural properties to the plaintiffs, together with all of the proceeds therefrom, and the fruits gathered, and to be gathered thereon with such other general and special relief as might be proper in equity and in law.

Sobrinos de Ezquiaga, in liquidation, opposed these prayers in their complaint.

The Judge of the District Court of San Juan rendered judgment on January 3 of the present year, holding that the mortgage foreclosure proceedings prosecuted in the District Court of Arecibo were not null and void and, therefore, that the facts and the law were in favor of the defendants and against the plaintiffs, the latter being taxed with the costs.

The plaintiffs, Arturo and Ernesto Malaret took an appeal from this judgment.

The parties have filed their briefs in this Supreme Court, making such allegations as they deemed proper in support of their rights, counsel for the appellant only having made an oral argument at the hearing.

The only ground of this appeal, say the plaintiffs, is that the mortgaged properties were awarded to Sobrinos de Ezquiaga on the third public sale without complying with the provisions of subdivision three of section 1504, of the former Law of Civil Procedure—that is to say, without having advised the execution debtors, Arturo and Ernesto Malaret, of the price offered in order that they might pay the same or present another person who would make a better offer within the period of nine days next following, in view of the fact that the price offered for the award did not amount to two-thirds of the minimum price fixed at the second auction sale.

As will be here seen the force and effect of the summary proceedings under the Mortgage Law and the regulations thereof for the recovery of mortgage debt. is not questioned but, on the contrary, it is acknowledged that it is in force, but that the provision above cited should have been applied as suppletory to the former laws.

But aside from the fact that said article refers to a case wherein a bidder appears and fails to offer two-thirds of the price which served as a basis for the second auction sale, and in the case at bar, there were no bidders at either of the three public sales held, and the suppletory provision is not applicable when the law it is sought to supply contains provisions covering the matter.

Article 172 of the regulations, for the execution of the Mortgage Law, in its ninth paragraph, says:

'If the second auction does not effect the award or sale, others may be held at the instance of the claimant, for an amount not less than the preferred credit, said claimant complying with the requirements mentioned in the preceding paragraph if proper. In such case the award for said price may also be requested with the obligation of meeting said charges when they fall due being subrogated in the place of the debtor, so far as the charges are concerned.''

Now then, supposing there had been a preferred credit in favor of A, encumbering the properties to the amount of $3,050.

There is no doubt that, under the provision above quoted, Sobrinos de Ezquiaga could ask for and obtain an award for that price, which they would be bound to pay when due, and then Sobrinos de Ezquiaga, who would not have recovered the amount due them, would exercise their rights against the debtors, in accordance with paragraph two of article 174 of the said regulations.

Then, if Sobrinos de Ezquiaga could demand the award of the property to them for the value of the preferred credit, it is clear that there being no preferred credit, their own would be the only one preferred.

To hold otherwise would be to improve the situation as to those creditors who are not execution creditors, whose credit would not be on an equal footing with any other credit. This does not appear to us to be just.

In this case, as hereinbefore stated, the properties were awarded to Sobrinos de Ezquiaga for the value of their credit, the interest, taxes owing thereon, and the costs, and Sobrinos de Ezquiaga therefore have no rights to exercise against the debtors in this respect, because their credit has been fully paid.

So that the provision of law which appellant claims to have been violated, not being applicable, and the summary proceedings had under the Mortgage Law, and its regulations, having been regular in every respect, the judgment appealed from must be affirmed with the costs of the appeal against the appellant.

*Affirmed.*

Mr. Justice Hernández concurred.

Mr. Justice MacLeary dissented.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.